UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**VIAYRUBIS ELIUS CHAVEZ MORA,**

      Petitioner,

v.                                    Case No.:  6:26-cv-261-PGB-DCI

**LOUIS A. QUINONES, JR.,
IMMIGRATION & CUSTOMS
ENFORCEMENT (ICE),
SECRETARY KRISTI NOEM and
DEPARTMENT OF HOMELAND
SECURITY,**

      Respondents.
_____/

## ORDER

This cause is before the Court for consideration without oral argument on Petitioner's Emergency Motion for Temporary Restraining Order and Preliminary Injunction. (Doc. 2). As discussed below, the Court will grant a temporary restraining order ("**TRO**") and set an expedited briefing schedule on Plaintiff's request for a preliminary injunction and Emergency Writ of Habeas Corpus.

### I. BACKGROUND

Petitioner filed a petition for writ of habeas corpus (Doc. 1 (the "**Petition**")) under 28 U.S.C. § 2241 challenging the legality of her detention by the United States Immigration and Customs Enforcement ("**ICE**"). (*Id.*). Petitioner also filed a Motion for TRO and preliminary injunction requesting the Court to enjoin

1

Respondents from transferring her from the Orange County Jail pending the resolution of the Petition. (Doc. 2).

The Petitioner contends that she is confined without criminal charges, without a judicial warrant, and without lawful statutory authority, based solely on an ICE immigration detainer. (*Id.* ¶ 2). The Petitioner is a Venezuelan national lawfully present in the United States, paroled after entry, with a pending asylum application, a valid Florida driver's license, and an approved employment authorization application. (*Id.* ¶ 5). The Petitioner was arrested on January 20, 2026, based on the allegation that she was "undocumented." (*Id.* ¶ 6). No criminal charges have been filed, and no judicial warrant has been issued. (*Id.*).

In the Petition, she seeks the following relief: (1) an order directing Respondents to justify her detention as soon as practicable, (2) a writ of habeas corpus directing her immediate release, (3) a TRO and/or preliminary injunction prohibiting Respondents from transferring Petitioner to ICE custody absent a judicial warrant or other lawful authority, (4) a declaration that Petitioner's detention based solely on an ICE detainer and without criminal process is unlawful, and (5) any other relief, including costs, that the Court deems proper. (*Id.* at pp. 6–7; Doc. 1, p. 7)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 65 authorizes this Court to issue a TRO without notice to the adverse party when (a) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury . . . will

result to the movant before the adverse party can be heard in opposition," and (b) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." If the movant establishes that he is justified in seeking *ex parte* relief, he then must show that injunctive relief is warranted. To do so, the movant must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the nonmovant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005). "The balance-of-the-harms and public-interest elements merge when the government is the party opposing the injunctive relief." *Melendez v. Sec'y, Fla. Dep't of Corr.*, No. 21-13455, 2022 WL 1124753, at *17 (11th Cir. Apr. 15, 2022) (citing *Swain v. Junior*, 961 F.3d 1276, 1293 (11th Cir. 2020)).

## III. DISCUSSION

### A. Likelihood of Success on the Merits

"Noncitizens present in the United States are entitled to due process under the Fifth Amendment." *Mejia v. Noem*, No. 2:25-CV-981-SPC-NPM, 2025 WL 3078656, at *2 (M.D. Fla. Nov. 4, 2025) (citing *Reno v. Flores*, 507 U.S. 292, 306 (1993)). This includes protection against deprivations of liberty, such as immigration detention, without due process of law. *Id.* (citing *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) for the proposition that "[f]reedom from imprisonment—

from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects.").

Further, courts have held that aliens, like Petitioner, who are present in the United States and have active asylum applications, are not subject to mandatory detention without a bond hearing under 8 U.S.C. § 1225(b)(2). *See, e.g., Reyes v. Rose*, No. CV 25-7138, 2026 WL 75816, at *1 n.1 (E.D. Pa. Jan. 9, 2026) (concluding the petitioner was detained under 8 U.S.C. § 1226(a) and entitled to habeas relief by the way of a bond hearing and noting that "[a]s of January 5, 2026, '308 judges have ruled against the [Government's] mass detention policy — ordering release or bond hearings in more than 1,600 cases — [while] just 14 judges . . . have sided with the [Government's] position.'" (citation omitted)). Rather, these courts have held that such individuals are subject to detention under 8 U.S.C. § 1226(a), and thus, are entitled to a bond hearing. *See id.*

The likelihood of Petitioner's success on the merits is largely contingent on whether she is detained under 8 U.S.C. § 1226(a). From Petitioner's allegations, she appears to be entitled to a bond hearing. Consequently, her detention appears unlawful and warrants a bond hearing, and she has demonstrated a likelihood of success on the merits.

**B.    Irreparable Harm**

Next, Petitioner must demonstrate that without an injunction she will suffer irreparable injury, which is an injury that "'cannot be undone through monetary remedies.'" *Scott v. Roberts*, 612 F.3d 1279, 1295 (11th Cir. 2010) (quoting

4

*Cunningham v. Adams*, 808 F.2d 815, 821 (11th Cir. 1987)). "It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Mejia*, 2025 WL 3078656, at *3 (quoting *Gayle v. Meade*, 614 F. Supp. 3d 1175, 1205 (S.D. Fla. 2020)); *but see Siegel v. LePore*, 234 F.3d 1163, 1177 (11th Cir. 2000) ("Plaintiffs also contend that a violation of constitutional rights always constitutes irreparable harm. Our case law has not gone that far, however.").

Allowing Petitioner, who appears to be unlawfully detained, to be transferred from the Orange County Jail to an ICE holding facility outside this Court's jurisdiction would frustrate the speedy resolution of this case and potentially impact the Court's jurisdiction. If this occurred, Petitioner likely would be unlawfully detained without due process even longer. Petitioner, therefore, has shown irreparable harm will occur if relief is not granted. Thus, the Court concludes that prohibiting Petitioner's transfer from the Orange County Jail is the equitable and expedient manner by which to limit and address Petitioner's ongoing detention.

C. **Balance of Equities and Public Interest**

The final factors for injunctive relief also weigh in Petitioner's favor. Petitioner's rights to due process and liberty are at issue. "'Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Fifth Amendment's Due Process Clause] protects." *Mejia*, 2025 WL 3078656, at *3 (quoting *Zadvydas*, 533 U.S. at

690). There is no identifiable legitimate public interest served by Petitioner's likely unlawful detention. Rather, "the public is better served by the faithful execution of immigration laws." *Id.*; *see also Rojano Gonzalez v. Sterling*, No. 1:25-cv-6080-MHC, 2025 WL 3145764, at *8 (N.D. Ga. Nov. 3, 2025) (holding that the balance of equities and public interest weigh in a petitioner's favor where a TRO would merely prevent respondents from applying a statutory scheme in an unlawful manner).

## IV. CONCLUSION

In sum, the Court concludes that Petitioner's immigration detention and/or the absence of a bond hearing are unlawful. Petitioner's transfer from the Orange County Jail to an ICE facility would prolong said detention and cause irreparable harm if permitted. Therefore, the Court will grant Petitioner's request for a TRO. It is unlikely that Respondents will sustain costs or damages because of this Order. Thus, Petitioner does not have to post a security bond. *See* FED. R. CIV. P. 65(c).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner's Emergency Motion for TRO (Doc. 2) is **GRANTED**. Respondents and those in privity with them are hereby **TEMPORARILY ENJOINED** from transferring Viayrubis Elius Chavez Mora from the Orange County Jail **until further order of the Court**[1];

---

[1] The TRO also prohibits the Respondents and those in privity with them from temporarily transferring the Petitioner from the Orange County Jail to an ICE facility, or any other facility, and back to the Orange County Jail, thus depriving the Petitioner of access to counsel. If the

2. Respondents shall respond in writing to the Motion (Doc. 2) and the Petition for Habeas Corpus (Doc. 1) by **February 7, 2026,** and show cause why the Court should not issue a preliminary injunction and grant the Petition for Habeas Corpus. Failure to respond will result in the Petition being granted without further notice;

3. The Clerk of Court is **DIRECTED** to serve copies of this Order as follows:

> (1) Copy to Immigration and Customs Enforcement (Attn: Assistant Field Office Directors) via email at MIAAOR-Habeas-DG@ice.dhs.gov;
>
> (2) Copy to United States Attorney's Office via email at USAFLM.Orlando2241@usdoj.gov;
>
> (3) Courtesy copy to Orange County Jail / Warden's Office at michele.carpentiere@ocfl.net; so-as-legalservices@ocsofl.com; and OCCDRecords@ocfl.net;
>
> (4) Courtesy copy to United States Marshal Service via email at usms-mfl-orl@usdoj.gov;
>
> (5) Copy via certified mail to the United States Attorney's Office at 400 W. Washington Street, Suite 3100, Orlando, FL 32801; and
>
> (6) Copy via certified mail to the United States Attorney General at 950 Pennsylvania Ave., NW Washington, DC 20530; and

4. No bond shall be required as the Court deems it unnecessary.

**DONE** and **ORDERED** in Orlando, Florida on February 3, 2026.

---

result of this TRO is that the Orange County Jail cannot hold a Petitioner for more than 72 hours, the Petitioner shall be released from custody.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record