# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**VIAYRUBIS ELIUS CHAVEZ MORA,**

    **Petitioner,**

v.                              **Case No.: 6:26-cv-261-PGB-DCI**

**LOUIS A. QUINONES, JR.,
IMMIGRATION & CUSTOMS
ENFORCEMENT (ICE),
SECRETARY KRISTI NOEM and
DEPARTMENT OF HOMELAND
SECURITY,**

    **Respondents.**
_____/

## ORDER

    This cause is before the Court for consideration without oral argument on Petitioner's Emergency Notice of Transfer and Motion to Order Return of Petitioner to the Middle District of Florida. (Doc. 7 (the "**Motion**")). The Court does not require a Response from the Government, and upon consideration, the Motion is granted.[1]

---

[1] "A trial court has managerial power that has been described as 'the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1012 (5th Cir. 1977); *see Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (adopting as binding precedent all Fifth Circuit decisions prior to October 1, 1981).

## I. BACKGROUND

On Monday, February 2, 2026, at 10:55 AM, this Court entered an Endorsed Order (Doc. 6 (the "**Endorsed Order**")) granting the Petitioner's Motion for Temporary Restraining Order ("**TRO**") (Doc. 2 (the "**Motion for TRO**")). (Doc. 6; *see also* Doc. 7, p. 2). Petitioner's Motion for TRO requested that Respondents be prohibited from transferring Petitioner from the custody of the Orange County Jail. (Doc. 2, p. 6). The Endorsed Order was served upon the Respondents. (Doc. 6). On Tuesday, February 3, 2026, the Petitioner was transferred by ICE from the Orange County Jail to an ICE Office in Orlando. (Doc. 7, p. 2). Petitioner was then sent to the Broward Transitional Center in Pompano Beach, Florida, later that day. (*Id.*).

The Court's Order is not a mere suggestion. The Respondents are **ORDERED** to immediately return the Petitioner to the Middle District of Florida.

## II. CONTEMPT

District courts have inherent power to enforce compliance with their orders through civil contempt. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764–65 (1980); *SEC v. Solow*, 682 F. Supp. 2d 1312, 1324 (S.D. Fla. 2015), *aff'd*, 396 F. App'x 635 (11th Cir. 2010).[2] Once a *prima facie* showing has been made that the alleged contemnor has violated an outstanding court order, "the burden of production shifts to the alleged contemnor who may defend his failure on the

---

[2] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

grounds that he was unable to comply." *Commodity Futures Trading Comm'n v. Wellington Precious Metals, Inc.*, 950 F.2d 1525, 1529 (11th Cir. 1992) (per curiam). "[T]he absence of willfulness is not a defense to a charge of civil contempt." *FTC v. Leshin*, 618 F.3d 1221, 1232 (11th Cir. 2010) (quoting *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949)). "[S]ubstantial, diligent, or good faith efforts are not enough; the only issue is compliance." *Id.* "[I]n a civil contempt proceeding the question is not one of intent but whether the alleged contemnors have complied with the court's order." *Id.* at 1233 (citation omitted).

The Court **ORDERS** the following Respondents to Show Cause why they should not be held in contempt: (1) Louis A. Quinones, Jr., Warden of the Orange County Jail, and on behalf of Respondent Immigration & Customs Enforcement (ICE), (2) Garrett J. Ripa, Field Office Director, U.S. Immigration & Customs Enforcement, Enforcement and Removal Operations, Miami Field Office (Orlando Area Office). Respondents shall **SHOW CAUSE** in writing by **February 6, 2026**, why they should not be held in civil contempt. Failure to timely respond shall result in the imposition of sanctions without further notice.

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Respondents shall immediately return the Petitioner to the Middle District of Florida, Orlando Division.

2. Respondent Luis A. Quinones, Jr. and, on behalf of Respondent Immigration & Customs Enforcement (ICE), Garrett J. Ripa shall

respond in writing no later than **February 6, 2026, at 2:00 PM** to the Court's Order to Show Cause why they should not be held in Civil Contempt for disobeying the Court's Order.

3. The Clerk of Court is **DIRECTED** to serve copies of this Order as follows:

> (1) Copy to Immigration and Customs Enforcement (Attn: Assistant Field Office Directors) via email at MIAAOR-Habeas-DG@ice.dhs.gov;
>
> (2) Copy to United States Attorney's Office via email at USAFLM.Orlando2241@usdoj.gov;
>
> (3) Courtesy copy to Orange County Jail / Warden's Office at irmpickupdesk@ocfl.net; so-as-legalservices@ocsofl.com; OCCDRecords@ocfl.net; and Juanita.Beason@ocfl.net;
>
> (4) Courtesy copy to United States Marshal Service via email at usms-mfl-orl@usdoj.gov;
>
> (5) Copy via certified mail to the United States Attorney's Office at 400 W. Washington Street, Suite 3100, Orlando, FL 32801; and
>
> (6) Copy via certified mail to the United States Attorney General at 950 Pennsylvania Ave., NW Washington, DC 20530.

**DONE** and **ORDERED** in Orlando, Florida on February 3, 2026.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties