# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**VIAYRUBIS ELIUS CHAVEZ MORA,**

      Petitioner,

  v.                                      Case No.:  6:26-cv-261-PGB-DCI

**LOUIS A. QUINONES, JR.,**
**in his official capacity as Warden**
**of the Orange County Jail;**

**GARRETT J. RIPA, in his official**
**capacity as Field Office Director,**
**U.S. Immigration and Customs**
**Enforcement (ICE),**
**Enforcement and Removal**
**Operations, Miami Field Office**
**(Orlando Area Office);**

**KRISTI NOEM, in her official**
**capacity as Secretary of the**
**United States Department of**
**Homeland Security;**

      Respondents.
_____/

## ORDER

This cause is before the Court for consideration on Respondents' Time Sensitive Motion for Clarification of Amended TRO (Doc. 10 (the "**Motion for Clarification**")). The Court does not deem a response to the Motion for

Clarification to be necessary.[1] Upon consideration, the Motion for Clarification is due to be granted.

I.     BACKGROUND

Petitioner filed a petition for writ of habeas corpus and request for injunctive relief (Doc. 1 (the "**Petition**")) under 28 U.S.C. § 2241 challenging the legality of her detention by the United States Immigration and Customs Enforcement ("**ICE**"). (*Id.*). Petitioner also filed a Motion for Temporary Restraining Order ("**TRO**") and preliminary injunction requesting the Court to enjoin Respondents from transferring her from the Orange County Jail pending the resolution of the Petition. (Doc. 2 (the "**Motion for TRO**")).

Petitioner contends that she is confined without criminal charges, without a judicial warrant, and without lawful statutory authority, based solely on an ICE immigration detainer. (*Id.* ¶ 2). Petitioner is a Venezuelan national lawfully present in the United States, paroled after entry, with a pending asylum application, a valid Florida driver's license, and an approved employment authorization application. (*Id.* ¶ 5). Petitioner was arrested on January 20, 2026, based on the allegation that she was "undocumented." (*Id.* ¶ 6). No criminal charges have been filed, and no judicial warrant has been issued. (*Id.*).

---

[1] "A trial court has managerial power that has been described as 'the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1012 (5th Cir. 1977) (quoting Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)); *see Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (adopting as binding precedent all Fifth Circuit decisions prior to October 1, 1981). In any event, Respondents confirmed in a separate notice that the Motion for Clarification is unopposed. (*See* Doc. 11).

On February 2, 2026, the Court entered an Endorsed Order granting Petitioner's Motion for TRO. (Doc. 6 (the "**Endorsed Order**")). The Court followed its Endorsed Order with a written Order specifying its reasons for granting the Motion for TRO and the scope of the TRO. (Doc. 8 (the "**Written Order**")). Therein, the Court temporarily enjoined Respondents from transferring Petitioner from Orange County Jail until further order of the Court. (*Id.* at p. 6). The Court further specified that

> [t]he TRO also prohibits the Respondents and those in privity with them from temporarily transferring the Petitioner from the Orange County Jail to an ICE facility, or any other facility, and back to the Orange County Jail, thus depriving the Petitioner of access to counsel. If the result of this TRO is that the Orange County Jail cannot hold a Petitioner for more than 72 hours, the Petitioner shall be released from custody.

(*Id.* at pp. 6–7 n.1). Now, Respondents express an intent to release Petitioner from custody outright and seek guidance from the Court as to whether Petitioner's release would be acceptable under the terms of the Court's Written Order. (Doc. 10). Release of Petitioner is undoubtedly acceptable under the Court's Written Order.

## II. DISCUSSION

This case, like others before and since, involves the disturbing practice of ICE removing the detainee from the Orange County Jail to circumvent the prohibition against holding "alien[s] not otherwise detained by a criminal justice agency" for more than 48 hours. *See* 8 C.F.R. § 287.7(d). In granting the Motion for TRO, the Court made clear that Respondents are enjoined from *transferring*

3

Petitioner from the Orange County Jail. (Doc. 8). The Written Order, however, does not prevent Respondents from releasing Petitioner from custody outright. Indeed, the sole purpose of the Written Order is to prevent Respondents from transferring Petitioner from Orange County Jail to an ICE Facility or any other facility in an attempt to circumvent the bond hearing requirement of 8 U.S.C. § 1226(a).[2]

Further, while Respondents recently provided a response opposing the Petition (Doc. 12 (the "**Response**")), the Court notes that, in both the Motion for Clarification and the Response, Respondents indicate that they are prepared to release Petitioner immediately.[3] (*See* Doc. 10; Doc. 12, p. 1). Thus, the Court grants the Petition and orders the immediate release of Petitioner from Orange County Jail.

## III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Respondents' Motion for Clarification (Doc. 10) is **GRANTED**.

---

[2] The Court even contemplated Petitioner's release in its Written Order, stating "[i]f the result of this TRO is that the Orange County Jail cannot hold a Petitioner for more than 72 hours, the Petitioner shall be released from custody." (Doc. 8, pp. 6–7 n.1).

[3] In fact, the Response appears to have been filed solely to preserve Respondents' right to an appeal. (*See* Doc. 12, p. 4). Notably, Respondents "anticipate this Court will disagree and find that Petitioner has a strong likelihood of success on the merits, has no adequate remedy at law, has suffered irreparable harm, and that the public interest weighs in favor of injunctive relief." (*Id.* at p. 7). Respondents are correct. The Court disagrees with the arguments set forth in the Response. *See Lleo Rodriguez v. Quinones*, No. 6:26-cv-00187-PGB-DCI, Dkt. 17 (M.D. Fla. Feb. 5, 2026).

2. The Petition for Writ of Habeas Corpus and request for injunctive relief (Doc. 1) is **GRANTED**.

3. Respondents Louis A. Quinones, Jr., in his official capacity as the Warden of the Orange County Jail; Garrett J. Ripa, in his official capacity as Field Office Director, U.S. Immigration and Customs Enforcement (ICE), Enforcement and Removal Operations, Miami Field Office (Orlando Area Office); Kristi Noem, in her official capacity as Secretary of the United States Department of Homeland Security; and all other persons or entities acting in active concert or participation with them, are **PERMANENTLY RESTRAINED AND ENJOINED** from detaining Petitioner Viayrubis Elius Chavez Mora under 8 U.S.C. § 1225.

4. Respondents Louis A. Quinones, Jr., in his official capacity as the Warden of the Orange County Jail; Garrett J. Ripa, in his official capacity as Field Office Director, U.S. Immigration and Customs Enforcement (ICE), Enforcement and Removal Operations, Miami Field Office (Orlando Area Office); Kristi Noem, in her official capacity as Secretary of the United States Department of Homeland Security; and all other persons or entities acting in active concert or participation with them, are **PERMANENTLY RESTRAINED AND ENJOINED** from detaining Petitioner Viayrubis Elius Chavez Mora under 8 U.S.C. § 1226 until at least **February 16, 2026**. Should

>Respondents elect to later detain her under 8 U.S.C. § 1226, Respondents are **DIRECTED** to release her within 72 hours of her detention unless she is provided with a bond hearing before an immigration judge during that 72-hour period. If she is redetained and released, Respondents must facilitate her transportation from the detention facility by notifying her counsel of the time and place where she may be collected.

5. No security bond is required for this injunction as the Court deems it unnecessary.

6. Petitioner is **DIRECTED** to notify her counsel should her place of residence change while her immigration proceedings are ongoing.

7. The Clerk is **DIRECTED** to enter judgment in favor of Petitioner and against Respondents and then to close the file.

8. The Court **RETAINS** jurisdiction to enforce the terms of this Order. If Petitioner is later detained and deprived of a timely hearing but not released as ordered herein, she may move to reopen this case without opening a new file. The Court also retains jurisdiction to consider the matter of fees and costs.

9. The Clerk of Court is **DIRECTED** to serve copies of this Order as follows:

(1) Copy to Immigration and Customs Enforcement (Attn: Assistant Field Office Directors) via email at MIAAOR-Habeas-DG@ice.dhs.gov;

(2) Copy to United States Attorney's Office via email at USAFLM.Orlando2241@usdoj.gov;

(3) Courtesy copy to Orange County Jail / Warden's Office atirmpickupdesk@ocfl.net; so-as-legalservices@ocsofl.com; OCCDRecords@ocfl.net; and Juanita.Beason@ocfl.net;

(4) Courtesy copy to United States Marshal Service via email at usms-mfl-orl@usdoj.gov;

(5) Copy via certified mail to the United States Attorney's Office at 400 W. Washington Street, Suite 3100, Orlando, FL 32801; and

(6) Copy via certified mail to the United States Attorney General at 950 Pennsylvania Ave., NW Washington, DC 20530.

**DONE** and **ORDERED** in Orlando, Florida on February 3, 2026.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties